IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ARMANDO TREVINO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0299 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS HABEAS CORPUS PETITION AS MOOT

On August 29, 2006, petitioner ARMANDO TREVINO filed a Civil Rights Complaint pursuant to 42 U.S.C. §1983 with the United States District Court for the Eastern District of Oklahoma. On September 25, 2006, the Oklahoma court determined petitioner was in fact contesting a detainer concerning a Texas state court conviction and construed the petition as a petition for writ of habeas corpus. Thereafter, petitioner's pleading was transferred to this Court.

Respondent was ordered by this Court to file an Answer and on February 20, 2007, he filed the above referenced motion to dismiss. In his motion to dismiss, respondent avers petitioner was convicted, by plea of guilty in the 47th District Court of Potter County, Texas, of the felony offense forgery by passing for which he received an 8-year sentence. While on parole from this sentence, TDCJ issued a warrant for petitioner's arrest on April 14, 2004 on the ground that petitioner had absconded supervision. Further, during the time he was on parole, petitioner was arrested in Oklahoma on unrelated charges. On January 12, 2007, TDCJ withdrew warrant

number 04-14-2004-02735110 and petitioner has now discharged his Texas sentence. Respondent has provided the Court with copies of documents supporting these facts. Petitioner has been provided the relief he seeks. Consequently, the instant petition is moot under the continuing case and controversy requirement.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ARMANDO TREVINO be, in all things, DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 22nd day of February 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R.

Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).